UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON GRAND JURY 2023
JULY 23, 2024 SESSION


FILED
JUL 23 2024

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 5:24-cr-00121
   18 U.S.C. § 152(1)
   18 U.S.C. § 152(2)
   18 U.S.C. § 152(3)
   18 U.S.C. § 1956(a)(1)(B)(i)

JAMES EUGENE MONROE, JR.

I N D I C T M E N T

The Grand Jury Charges:

COUNT ONE

On or about March 11, 2022, at or near Daniels, Raleigh County, West Virginia, within the Southern District of West Virginia, defendant JAMES EUGENE MONROE, JR., knowingly and fraudulently concealed from a custodian, trustee, marshal, and other officer of the court charged with the control and custody of property, and, in connection with a case under Title 11, that is, In re James Eugene Monroe, Jr., Case No. 5:22-bk-50019, from creditors and the United States Trustee, property belonging to the estate of a debtor, that is, a sports trading card collection comprised of over 10,000 cards.

In violation of Title 18, United States Code, Section 152(1).

## COUNT TWO

On or about March 11, 2022, at or near Daniels, Raleigh County, West Virginia, within the Southern District of West Virginia, defendant JAMES EUGENE MONROE, JR., knowingly and fraudulently made a materially false declaration, certificate, verification, and statement under penalty of perjury, as permitted under Section 1746 of Title 28, in and in relation to a case under Title 11, that is, In re James Eugene Monroe, Jr., Case No. 5:22-bk-50019, when he submitted Schedules of Assets and Labilities and a Statement of Financial Affairs on which defendant JAMES EUGENE MONROE, JR., knowingly and fraudulently omitted the prepetition sale of his home, where such sale occurred in or about December 2021.

In violation of Title 18, United States Code, Section 152(3).

## COUNT THREE

On or about March 11, 2022, at or near Daniels, Raleigh County, West Virginia, within the Southern District of West Virginia, defendant JAMES EUGENE MONROE, JR., knowingly and fraudulently made a materially false declaration, certificate, verification, and statement under penalty of perjury, as permitted under Section 1746 of Title 28, in and in relation to a case under Title 11, that is, In re James Eugene Monroe, Jr., Case No. 5:22-bk-50019, when he submitted Schedules of Assets and Labilities and a Statement of Financial Affairs, on which defendant JAMES EUGENE MONROE, JR., knowingly and fraudulently declared, certified, verified, and stated under penalty of perjury that his daughter was his dependent and resided with him, when in fact, as defendant JAMES EUGENE MONROE, JR., then well knew, his daughter neither was his dependent nor resided with him.

In violation of Title 18, United States Code, Section 152(3).

## COUNT FOUR

On or about March 11, 2022, at or near Daniels, Raleigh County, West Virginia, within the Southern District of West Virginia, defendant JAMES EUGENE MONROE, JR., knowingly and fraudulently made a materially false declaration, certificate, verification, and statement under penalty of perjury, as permitted under Section 1746 of Title 28, in and in relation to a case under Title 11, that is, In re James Eugene Monroe, Jr., Case No. 5:22-bk-50019, when he submitted Schedules of Assets and Labilities and a Statement of Financial Affairs, on which defendant JAMES EUGENE MONROE, JR., knowingly and fraudulently omitted the existence of, and his interest in, a Morgan Stanley retirement account (Account No. XXX-XXXXX6-368).

In violation of Title 18, United States Code, Section 152(3).

## COUNT FIVE

On or about March 11, 2022, at or near Daniels, Raleigh County, West Virginia, within the Southern District of West Virginia, defendant JAMES EUGENE MONROE, JR., knowingly and fraudulently made a materially false declaration, certificate, verification, and statement under penalty of perjury, as permitted under Section 1746 of Title 28, in and in relation to a case under Title 11, that is, In re James Eugene Monroe, Jr., Case No. 5:22-bk-50019, when he submitted Schedules of Assets and Labilities and a Statement of Financial Affairs, on which defendant JAMES EUGENE MONROE, JR., knowingly and fraudulently omitted the existence of, and his interest in, a Northwestern Mutual Life Insurance Company retirement account (Account No. XXXX6187).

In violation of Title 18, United States Code, Section 152(3).

## COUNT SIX

On or about March 11, 2022, at or near Daniels, Raleigh County, West Virginia, within the Southern District of West Virginia, defendant JAMES EUGENE MONROE, JR., knowingly and fraudulently made a materially false declaration, certificate, verification, and statement under penalty of perjury, as permitted under Section 1746 of Title 28, in and in relation to a case under Title 11, that is, In re James Eugene Monroe, Jr., Case No. 5:22-bk-50019, when he submitted Schedules of Assets and Labilities and a Statement of Financial Affairs, on which defendant JAMES EUGENE MONROE, JR., knowingly and fraudulently omitted the existence of one or more loans with Northwestern Mutual Life Insurance Company that were collateralized by his interest in a whole life insurance policy with Northwestern Mutual Life Insurance Company.

In violation of Title 18, United States Code, Section 152(3).

## COUNT SEVEN

On or about March 11, 2022, at or near Daniels, Raleigh County, West Virginia, within the Southern District of West Virginia, defendant JAMES EUGENE MONROE, JR., knowingly and fraudulently made a materially false declaration, certificate, verification, and statement under penalty of perjury, as permitted under Section 1746 of Title 28, in and in relation to a case under Title 11, that is, In re James Eugene Monroe, Jr., Case No. 5:22-bk-50019, when he submitted Schedules of Assets and Labilities and a Statement of Financial Affairs, on which defendant JAMES EUGENE MONROE, JR., knowingly and fraudulently omitted the existence of a storage unit located at or near Shady Spring, Raleigh County, West Virginia, for which he paid rent and stored property belonging to the bankruptcy estate.

In violation of Title 18, United States Code, Section 152(3).

## COUNT EIGHT

On or about March 28, 2022, at or near Daniels, Raleigh County, West Virginia, within the Southern District of West Virginia, defendant JAMES EUGENE MONROE, JR., did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, defendant JAMES EUGENE MONROE, JR. received approximately $3,500 in United States currency, which involved the proceeds of a specified unlawful activity, that is, knowingly and fraudulently concealing from a custodian, trustee, marshal, and other officer of the court charged with the control and custody of property, and, in connection with a case under Title 11, that is, In re James Eugene Monroe, Jr., Case No. 5:22-bk-50019, from creditors and the United States Trustee, property belonging to the estate of a debtor, that is, a sports trading card collection comprised of over 10,000 cards, in violation of 18 U.S.C. § 152(1), knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction defendant JAMES EUGENE MONROE, JR., knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## COUNT NINE

On or about May 20, 2022, at or near Daniels, Raleigh County, West Virginia, within the Southern District of West Virginia, defendant JAMES EUGENE MONROE, JR., knowingly and fraudulently made a materially false declaration, certificate, verification, and statement under penalty of perjury, as permitted under Section 1746 of Title 28, in and in relation to a case under Title 11, that is, In re James Eugene Monroe, Jr., Case No. 5:22-bk-50019, when he submitted amended Schedules of Assets and Labilities and an amended Statement of Financial Affairs, on which defendant JAMES EUGENE MONROE, JR., knowingly and fraudulently declared, certified, verified, and stated under penalty of perjury that his daughter was his dependent and resided with him, when in fact, as defendant JAMES EUGENE MONROE, JR., then well knew, his daughter neither was his dependent nor resided with him.

In violation of Title 18, United States Code, Section 152(3).

## COUNT TEN

On or about May 20, 2022, at or near Daniels, Raleigh County, West Virginia, within the Southern District of West Virginia, defendant JAMES EUGENE MONROE, JR., knowingly and fraudulently made a materially false declaration, certificate, verification, and statement under penalty of perjury, as permitted under Section 1746 of Title 28, in and in relation to a case under Title 11, that is, In re James Eugene Monroe, Jr., Case No. 5:22-bk-50019, when he submitted amended Schedules of Assets and Labilities and an amended Statement of Financial Affairs, on which defendant JAMES EUGENE MONROE, JR., knowingly and fraudulently omitted the existence of, and his interest in, a Morgan Stanley retirement account (Account No. XXX-XXXXX6-368).

In violation of Title 18, United States Code, Section 152(3).

## COUNT ELEVEN

On or about May 20, 2022, at or near Daniels, Raleigh County, West Virginia, within the Southern District of West Virginia, defendant JAMES EUGENE MONROE, JR., knowingly and fraudulently made a materially false declaration, certificate, verification, and statement under penalty of perjury, as permitted under Section 1746 of Title 28, in and in relation to a case under Title 11, that is, In re James Eugene Monroe, Jr., Case No. 5:22-bk-50019, when he submitted amended Schedules of Assets and Labilities and an amended Statement of Financial Affairs, on which defendant JAMES EUGENE MONROE, JR., knowingly and fraudulently omitted the existence of, and his interest in, a Northwestern Mutual Life Insurance Company retirement account (Account No. XXXX6187).

In violation of Title 18, United States Code, Section 152(3).

## COUNT TWELVE

On or about May 20, 2022, at or near Daniels, Raleigh County, West Virginia, within the Southern District of West Virginia, defendant JAMES EUGENE MONROE, JR., knowingly and fraudulently made a materially false declaration, certificate, verification, and statement under penalty of perjury, as permitted under Section 1746 of Title 28, in and in relation to a case under Title 11, that is, <u>In re James Eugene Monroe, Jr.</u>, Case No. 5:22-bk-50019, when he submitted amended Schedules of Assets and Labilities and an amended Statement of Financial Affairs, on which defendant JAMES EUGENE MONROE, JR., knowingly and fraudulently omitted the existence of one or more loans with Northwestern Mutual Life Insurance Company that were collateralized by his interest in a whole life insurance policy with Northwestern Mutual Life Insurance Company.

In violation of Title 18, United States Code, Section 152(3).

## COUNT THIRTEEN

On or about May 20, 2022, at or near Daniels, Raleigh County, West Virginia, within the Southern District of West Virginia, defendant JAMES EUGENE MONROE, JR., knowingly and fraudulently made a materially false declaration, certificate, verification, and statement under penalty of perjury, as permitted under Section 1746 of Title 28, in and in relation to a case under Title 11, that is, In re James Eugene Monroe, Jr., Case No. 5:22-bk-50019, when he submitted amended Schedules of Assets and Labilities and an amended Statement of Financial Affairs, on which defendant JAMES EUGENE MONROE, JR., knowingly and fraudulently omitted the existence of a storage unit located at or near Shady Spring, Raleigh County, West Virginia, for which he paid rent and stored property belonging to the bankruptcy estate.

In violation of Title 18, United States Code, Section 152(3).

## COUNT FOURTEEN

On or about May 23, 2022, at or near Beckley, Raleigh County, West Virginia, within the Southern District of West Virginia, defendant JAMES EUGENE MONROE, JR., knowingly and fraudulently made a false material statement and account under oath in and in relation to a case under Title 11, that is, In re James Eugene Monroe, Jr., Case No. 5:22-bk-50019, when he falsely testified under oath in a proceeding before the case trustee at a meeting of creditors that he had accurately listed all of his assets and liabilities and his monthly income and expenses on his bankruptcy schedules, when he then and there well knew that he had not accurately reported the requested information.

In violation of Title 18, United States Code, Section 152(2).

## NOTICE OF FORFEITURE

The allegations contained in this Indictment are hereby re-alleged and incorporated by reference for the purpose of giving notice of forfeiture pursuant to 18 U.S.C. §§ 981, 982 and 28 U.S.C. § 2461.

Pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(1), 28 U.S.C. § 2461 and Rule 32.2 of the Federal Rules of Criminal Procedure, and premised upon conviction of defendant JAMES EUGENE MONROE, JR., of the offenses in violation of 18 U.S.C. § 152, and 18 U.S.C. § 1956 as charged in this Indictment, defendant JAMES EUGENE MONROE, JR., shall forfeit to the United States of America any property, real or personal, constituting, or derived from, any proceeds traceable to the violations charged herein, and any property involved in or used in the commission of the offenses.

Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including, but not limited to 18 U.S.C. §§ 981, 982 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956, which are incorporated as to proceeds by Section 982(a)(1). The following property is subject to forfeiture in accordance with Section 982 and/or 2461(c):

   a. All property which constitutes or is derived from proceeds of the violations set forth in this Indictment;

   b. All property involved in such violations or traceable to property involved in such violations; and

   c. If, as set forth in 21 U.S.C. § 853(p), any property described in (a) or (b) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant's to the extent of the value of the property described in (a) and (b).

The following property is subject to forfeiture on one or more grounds stated above:

   1. A forfeiture money judgment in the amount of at least $381,133.06, such amount constituting the proceeds of the violations set forth in this Indictment and including such relevant conduct that is included in this Indictment.

WILLIAM S. THOMPSON
United States Attorney

By: _____
JONATHAN T. STORAGE
Assistant United States Attorney